IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TAMAJ NEAL, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : NO. 7:24-CV-00109-WLS-ALS |
| | : |
| VALDOSTA STATE PRISON, | : |
| | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is a document filed by pro se Plaintiff Tamaj Neal, an inmate presently incarcerated in the Valdosta State Prison in Valdosta, Georgia, that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On November 12, 2024, the Court ordered Plaintiff to (1) either pay the filing fee or move for leave to proceed *in forma pauperis* in this action and (2) recast his Complaint on the Court's standard form. Plaintiff was given fourteen (14) days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* ECF No. 5.

The time for compliance passed without a response from Plaintiff. On December 23, 2024, Plaintiff was thus ordered to respond and show cause why this case should not be dismissed for the failure to comply with the Court's previous orders and instructions. Plaintiff was also instructed that he must fully and timely comply with the Court's November 12th Order if he wished to proceed with this action. Plaintiff was again given

fourteen (14) days to respond, and he was again warned that the failure to comply with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally* ECF No. 6.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. This action is therefore **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**IT IS SO ORDERED**, this 14th day of February, 2025.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.